

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Neil P. Diskin**
Counsel

T / 212.940.3030
F / 833.893.0881
ndiskin@nixonpeabody.com

May 2, 2025

**Via Electronic Mail and ECF**
The Honorable John P. Cronan
United States District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

**RE:** *In re Application of the Republic of Türkiye, Applicant for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in Foreign Proceedings, No. 1:25-mc-00059-JPC-RFT*

Dear Judge Cronan:

The Republic of Türkiye ("Applicant") respectfully submits this letter in response to Mustafa Özcan's April 30, 2025 request for leave to oppose Applicant's pending 28 U.S.C. § 1782 petition on the basis that (1) Applicant's request does not satisfy Section 1782's statutory requirements and (2) the discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) do not support granting the application. At the outset, it must be noted that Özcan is contesting Applicant's ability to investigate and prosecute a criminal case while he remains a fugitive from justice. Notably, Özcan does not refute the money laundering charges pending against him, proclaim his innocence, or deny that he is a fugitive. Permitting a fugitive to obstruct a foreign criminal investigation and prosecution conflicts with the "animating purpose of § 1782," which is to "[p]ermit[] federal courts to assist foreign and international governmental bodies… and encourage[] reciprocal assistance." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 632 (2022).

Nevertheless, Özcan request should be denied because Applicant's petition satisfies each of Section 1782's statutory requirements. As explained in Applicant's Memorandum of Law, Section 1782 has three statutory requirements: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person. *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn v. IKB Deutsche Industriebank AG,* 673 F.3d 76, 80 (2d Cir. 2012)). The first requirement of Section 1782 is met because the Respondent Banks maintain offices in the district and "conduct systematic and regular business in the United States and New York . . . such that [they] reside[] or [are] found in New York for the purposes of Section 1782." *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 521 (S.D.N.Y. 2016). The second requirement of Section 1782 is met because Özcan has already been charged by the Turkish government and there is also an ongoing and active foreign criminal investigation into potential money laundering offenses committed by Özcan being conducted by a public prosecutor. *In re Appl. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456, 464 (2d Cir. 2014). Finally, the third requirement of Section 1782 is met because Applicant is the

sovereign in whose name the current prosecution and investigation into the activities of Özcan has been brought. *See, e.g.*, *Islamic Republic of Pakistan v. Arnold & Porter Kaye Scholer LLP*, No. 18-103, 2019 WL 1559433, at *6 (D.D.C. Apr. 10, 2019).

      Applicant's petition also satisfies the *Intel* discretionary factors. The four discretionary *Intel* factors are (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance, (3) whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and (4) whether the request is unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). Applicant's petition satisfies each of these factors. First, none of the Respondent Banks are parties to the criminal proceedings that have been initiated in Türkiye and they are both located outside the jurisdictional reach of Turkish courts. Granting the Application would not force any party to proceed in two separate court systems. As such, the first *Intel* factor weighs in Applicant's favor. Second, there is no indication that Turkish courts would be unreceptive to materials discovered under Section 1782. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2018) ("[T]here is no indication that the German court in which Heraeus's suit against Biomet is pending would refuse to admit evidence that Heraeus obtained through U.S. discovery . . ."); *see also In re Application of Auto-Guadeloupe Investissement S.A., for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, No. 12-mc-221(RPP), 2012 WL 4741945, *6 (S.D.N.Y. Oct. 10, 2012) ("Second Circuit case law places the burden on the party opposing discovery to show that a foreign court would not be receptive to this assistance."). Third, Applicant is not circumventing the Mutual Legal Assistance Treaty ("MLAT") between the United States and the Republic of Türkiye by filing an application under Section 1782. The Second Circuit has directly held that a foreign state may choose to file a Section 1782 application without first requesting discovery through MLAT procedures. *See Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F.4th 136, 157 (2d Cir. 2022). Fourth, the discovery sought is appropriately limited in time and scope to aid in Applicant's prosecution of Özcan and the ongoing investigation into his activities, and bank records are regularly produced in response to Section 1782 petitions in this District. *See, e.g.*, *In re Hellard*, No. 121MC00864GHWKHP, 2022 WL 656792 at *2 (S.D.N.Y. Mar. 4, 2022) ("Bank[] records . . . are routinely sought and produced via § 1782 petitions."); *In re Appl. of Hornbeam Corp.*, 2014 WL 8775453, at *5 (S.D.N.Y. Dec. 24, 2014) (ordering production of bank records, including wire transfers, pursuant to Section 1782).

      Applicant satisfied each of the Section 1782 statutory requirements and the discretionary *Intel* factors, and Özcan's proposed opposition is based on speculation and ignoring the substance of Applicant's petition and exhibits. For example, in support of its petition, Applicant submitted the indictment of Özcan (which Özcan admits). *See, e.g.*, ECF 16 Özcan Letter at 2 ("[I]n support of the Application, Turkey shares a copy of an indictment from 2016…"). Nevertheless, while admitting that he was indicted, Özcan argues that Applicant "failed to substantiate the existence of a proceeding." Özcan is a fugitive from justice in the Republic of Türkiye and has not appeared to defend himself against the indictment, but that does not mean that the indictment does not exist or that Applicant cannot further investigate Özcan's criminal activities.

Nevertheless, if the Court is inclined to permit Özcan to submit opposition to Applicant's petition, Applicant respectfully requests that the briefing of this matter be consolidated or coordinated with the briefing of Mr. Turkyolu's motion to quash in *In re Application of the Republic of Türkiye, Applicant for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in Foreign Proceedings*, No. 1:24-mc-00557-JPC, and any motion Mr. Turkyolu intends to file in connection with *In re Application of the Republic of Türkiye, Applicant for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in Foreign Proceedings*, No. 1:25-mc-00148-JPC, so as to avoid unnecessary duplication of arguments.

We thank the Court for its attention to this matter.

Respectfully submitted,

Neil P. Diskin